UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 05-10515-REK |
| | ) | |
| v. | ) | |
| | ) | |
| $103,342.22 IN U.S. CURRENCY AND | ) | |
| $4,468.18 IN U.S. CURRENCY | ) | |

**MOHAMMED ABDUL RASHEED QUARAISHI'S**
<u>**MOTION TO DISMISS OR, ALTERNATIVELY, STAY**</u>
<u>**THE FORFEITURE ACTION**</u>

**NOW COMES** Mohammed Abdul Rasheed Quaraishi ("Rasheed") and hereby

moves for this Court's Order dismissing this action against $103,342.22 in U.S. currency

and $4,468.18 in U.S. currency or, alternatively, staying this action pending a decision on

Rasheed's Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing

in the criminal action, Case No. 04-10345-NMG, (the "criminal action") pending against

him in this Court.

In support whereof, Rasheed states as follows:

1.      On or about November 1, 2004, the Government sought – and Magistrate

Judge Swartwood issued – a warrant, authorizing seizure of the "contents" of two

numbered bank accounts maintained at Charter One Bank in Chicago, Illinois (the

"Funds").  These two accounts were a personal account in Rasheed's name only (Acct.

No. 08620398000) that contained $4,468.18, and a corporate account in both Rasheed's

name and the name of company (MAQ Technologies, Inc., Rasheed's computer

consultant company ("MAQ"), of which Rasheed is sole prinicipal) (Acct. No.

08620008235) that contained $103,342.22.  As such, the Funds in those accounts belong to Rasheed.  Along with this motion, Rasheed has also filed a Verified Claim asserting an interest to these accounts on behalf of both himself and MAQ.

2.      On November 18, 2004, Rasheed and his brothers, Aziz and Qaiyum, were indicted for "encouraging and inducing aliens to come to, enter, and reside in the United States" in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).

3.      The Indictment in the criminal action sets forth no criminal forfeiture count on the Funds; nor may they be held as "substitute assets" prejudgment.

4.      On April 11, 2005, Rasheed filed a Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing in the criminal action.  There, Rasheed asserted his rights under the Fifth and Sixth Amendments to the United States Constitution to have the Funds released so that he may use them for defense fees and costs.  In support of that motion, Rasheed submitted bank records conclusively establishing that the Funds deposited into Rasheed's accounts in the month prior to seizure – a total of $400,663.85 – *all* came from legitimate sources.

5.      On April 15, 2005, the Government served Rasheed – through counsel in the criminal action – with a copy of the Verified Complaint for Forfeiture in Rem (the "Complaint") in this action.  It was at this time that Rasheed learned that the Complaint for forfeiture had been filed on March 18, 2005.  As far as Rasheed is aware, the Government has not published notice of this action per Suppl. Rule for Certain Admiralty and Maritime Claims C(2).

6.      The Complaint seeks to forfeit property it identifies as the "contents" of Rasheed's corporate account ($103,342.22 U.S.) and the "contents" of Rasheed's

personal account ($4,468.18 U.S.).  However, the Complaint does not name as "defendant" the aggregate of the monies; rather, the Complaint names the accounts as the "Defendant Accounts."  The Complaint alleges that the "Defendant Accounts" are forfeitable, because these accounts were "involved in and were allegedly used to conduct and to facilitate money laundering activities, in violation of 18 U.S.C. § 1956."

7.     The Funds seized from Rasheed's personal and corporate bank accounts were demonstrably *not* acquired by means of any illegal activity, much less any "money laundering activities," as alleged by the Government.  Rather, the funds in Rasheed's corporate account were derived from checks from MAQ clients for work performed by MAQ, payroll tax refunds from Rasheed's payroll services company (Paychex), and loans, either from Rasheed, personal friends, or a bank, for the purpose of helping MAQ, a relatively new company, meet payroll.  Likewise, all of the funds in Rasheed's personal account were derived from MAQ.

8.     This action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because the Complaint fails to state a claim upon which relief may be granted. Specifically, the Government is attempting to forfeit the "contents" of bank accounts – that are not the proceeds of illegal activity – by alleging that at some point in the past Rasheed used those accounts for the purpose of money laundering.  Further, the Complaint does not allege facts sufficient to seize the "contents" of the accounts pursuant to 18 U.S.C. § 984.

9.     Alternatively, this action should be stayed pending a decision on Rasheed's Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing in the *criminal* action.  Rasheed filed that motion prior to being served with a copy of the

Complaint in this action.  Further, the criminal action takes precedence here on Constitutional grounds.  With his motion in the criminal action, Rasheed seeks to have Magistrate Judge Swartwood review his previous order, seizing the funds in question, in light of Rasheed's Constitutional rights to access those Funds for the purpose of defending the criminal action.

**WHEREFORE**, Rasheed respectfully requests that this Honorable Court dismiss this action against $103,342.22 in U.S. currency and $4,468.18 in U.S. currency or, alternatively, stay the action pending a decision on Rasheed's Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing in the criminal action.

## REQUEST FOR ORAL ARGUMENT

Mohammed Abdul Rasheed Quaraishi hereby requests oral argument on this motion.

Respectfully submitted,
MOHAMMED ABDUL RASHEED
QUARAISHI
By his attorneys,


/s/ Frank A. Libby, Jr.
Frank A. Libby, Jr. (BBO No. 299100)
Nicholas A. Klinefeldt (BBO No. 647422)
**KELLY, LIBBY & HOOPES, P.C.**
175 Federal Street
Boston, MA  02110
Telephone:  (617) 338-9300

Dated: May 13, 2005