UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) No. 05-10515-REK |
| v. | ) |
|  | ) |
| $103,342.22 IN U.S. CURRENCY AND | ) |
| $4,468.18 IN U.S. CURRENCY | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOHAMMED ABDUL RASHEED QUARAISHI'S MOTION TO DISMISS OR, ALTERNATIVELY, STAY THE FORFEITURE ACTION**

**I.     INTRODUCTION**

Mohammed Abdul Rasheed Quraishi ("Rasheed") submits this memorandum of law in support of his Motion to Dismiss or, Alternatively, Stay the Forfeiture Action. The instant action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because the Government confuses "accounts" with the "funds" in those accounts and fails to adequately allege why the actual "funds" should be forfeited.  Alternatively, this action should be stayed pending a decision on Rasheed's Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing in the senior, and Constitutionally superior, criminal action, Case No. 04-10345-NMG, (the "criminal action") pending against him in this Court.

**II.     BACKGROUND**

On or about November 1, 2004, the Government sought – and Magistrate Judge Swartwood issued – a warrant, authorizing seizure of the "contents" of two numbered bank accounts maintained at Charter One Bank in Chicago, Illinois (the "Funds"). These

two accounts were a personal account in Rasheed's name only (Acct. No. 08620398000) that contained $4,468.18, and a corporate account in both Rasheed's name and the name of company (MAQ Technologies, Inc., Rasheed's computer consultant company ("MAQ"), of which Rasheed is sole principal) (Acct. No. 08620008235) that contained $103,342.22.  As such, the Funds in those accounts are accessible to Rasheed for purposes of defending the criminal action.  Along with this motion, Rasheed has also filed a Verified Claim asserting an interest to these accounts on behalf of both himself and MAQ.

On November 18, 2004, Rasheed and his brothers, Aziz and Qaiyum, were indicted for "encouraging and inducing aliens to come to, enter, and reside in the United States" in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).  The Indictment in the criminal action sets forth no criminal forfeiture count on the Funds.  Nor may they be held as "substitute assets" prejudgment.

On April 11, 2005, Rasheed filed a Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing in the criminal action.  There, Rasheed asserted his rights under the Fifth and Sixth Amendments to the United States Constitution to have the Funds released so that he may use them for defense fees and costs.  In support of that motion, Rasheed submitted bank records conclusively establishing that the Funds deposited into his accounts in the month prior to seizure – a total of $400,663.85 – *all* came from legitimate sources.

On April 15, 2005, the Government provided Rasheed's counsel with a copy of the Verified Complaint for Forfeiture in Rem (the "Complaint") in this action.  It was at this time that Rasheed learned that the Complaint had been filed on March 18, 2005.  As

2

far as Rasheed is aware, the Government has not published notice of this action per Suppl. Rule for Certain Admiralty and Maritime Claims C(2).

The Complaint seeks to forfeit property it identifies as the "contents" of Rasheed's corporate account ($103,342.22 U.S.) and the "contents" of Rasheed's personal account ($4,468.18 U.S.). However, the Complaint does not name as "defendant" the aggregate of these monies; rather, the Complaint names the *accounts* as the "Defendant Accounts." The Complaint alleges not the Funds, but the "Defendant Accounts," are forfeitable, because these accounts were allegedly "involved in and were used to conduct and to facilitate money laundering activities, in violation of 18 U.S.C. § 1956."

Contrary to these allegations, and as is established by means of Rasheed's Motion to Vacate, the Funds were *not* acquired by means of any illegal activity, much less any "money laundering activities." Rather, the Funds in Rasheed's corporate account were derived from checks from MAQ clients for work performed by MAQ, payroll tax refunds from Rasheed's payroll services company (Paychex), and loans, either from Rasheed, personal friends, or a bank, for the purpose of helping MAQ, a relatively new company, meet payroll. Likewise, all of the funds in Rasheed's personal account were derived from MAQ.

### III.    ARGUMENT

#### A.    This Action Should Be Dismissed

This action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some

3

actionable legal theory.'" *Berner v. Delhanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). A court cannot credit bald assertions or unsubstantiated conclusions. *See id.*; *In re Colonial Mortgage Bankers Corp. v. Lopez-Stubbe*, 324 F.3d 12, 15 (1st Cir. 2003).

Here, the Government fails to state any claim upon which relief can be granted in its Verified Complaint for Forfeiture in Rem. First, the Government has confused the "accounts" with the "funds" in the accounts: Only certain property (*i.e.* identified monies) is subject to forfeiture in rem. *See, e.g., United States v. U.S. Currency*, 189 F.3d 28 (1st Cir. 1999). As mentioned above, the Complaint identifies the properties to be forfeited as the *contents* of the accounts. However, the Complaint then, without explanation, refers to the "Defendant Accounts." Specifically, the Complaint states as follows:

> 3.    The defendant properties are identified as:
>
> ●    $103,342.22 in U.S. Currency, representing the contents of bank account number 8620008235, held in the name of MAQ Technologies, Inc./Mohammed A.R. Quaraishi, at Charter One Bank, NA (the MAQ Charter One account); and,
>
> ●    $4,468.18 in U.S. Currency, representing the contents of bank account number 8620398000, held in the name of Mohammed A.R. Quaraishi at Charter One Bank, (the Rasheed Charter One personal account)
>
> (collectively referred to as the "Defendant *Accounts*").

Complaint ¶ 3 (emphasis supplied). Incongruously, the Complaint goes on to allege that the *accounts* "were involved in and/or were used to facilitate financial transactions involving the proceeds of unlawful activities, namely encouraging or inducing an alien to come to, enter, or reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv),

and fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546." Complaint ¶ 5. These *transactions*, according to the Complaint, "were designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of [the] unlawful activities, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and/or were conducted with the intent to promote the carrying on of the [] unlawful activities, in violation of 18 U.S.C. § 1956(a)(A)(i)." Complaint ¶ 5.

The Complaint does not allege that any of the Funds were the proceeds of unlawful activity. To the contrary, as the Motion to Vacate demonstrates, none of the funds in the accounts are the proceeds of unlawful activity. In his Motion to Vacate, Rasheed conclusively demonstrates – through bank records and Affidavit of Rasheed Quaraishi – that all of the *funds* that were deposited into both his personal and corporate accounts over the month preceding the seizure ($400,663.85) derived from legitimate sources.

By confusing the *accounts* with the *funds* seized within the accounts, the Government is attempting to make an end-run around 18 U.S.C. § 984. Section 984 specifically provides that "[i]n any forfeiture action in rem in which the *subject property* is . . . *funds* deposited in an account in a financial institution . . . (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property." 18 U.S.C. § 984(a)(1) (emphasis supplied). Section 984 further provides that "any identical property found in the same place or account as the property involved in the offense that is

5

the basis for the forfeiture shall be subject to forfeiture . . . ." *Id.* at § 984(a)(2). However, § 984 limits the Government's ability to forfeit such property by providing that "[n]o action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." *Id.* at § 984(b). Thus, the only way funds that are not directly traceable to the offense are forfeitable is if they replaced funds in an account that were traceable to the offense and the forfeiture action is commenced within one year of that offense.

Second, the Government fails to allege anywhere in its Verified Complaint for Forfeiture in Rem anything that would now allow it to seize the funds in the accounts pursuant to 18 U.S.C. § 984. As a general rule, forfeitures are not favored by law and, as such, statutes providing for forfeitures are strictly construed against forfeiture and in favor of the person whose rights are affected. *See United States v. $39,480.00 in United States Currency*, 190 F. Supp.2d 929, 931-932 (W.D. Texas 2002); *United States v. Jenison*, 484 F. Supp. 747, 752 (D. R.I. 1980). In its Complaint, the Government, in essence, alleges that funds are forfeitable because they were the proceeds of violations of 8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 1546, and were then, in turn, laundered through Rasheed's personal and corporate accounts.

As an initial matter, Rasheed would submit that a careful review the Government's underlying bases for forfeiture is required. First and foremost, 8 U.S.C. § 1324(a)(1)(A)(iv) is not specified unlawful activity under 18 U.S.C. § 1956. Section 1956(c)(7) does not list 8 U.S.C. § 1324(a)(1)(A)(iv) among the list of specified unlawful activity; rather, it only refers to "any act or activity constituting an offense listed in

6

section 1961(1)." 18 U.S.C. § 1956(c)(7). But 18 U.S.C. § 1961(1) only lists "any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens) . . . if the act indictable under such section of such Act was committed for the purpose of financial gain . . . ." *See* 18 U.S.C. § 1961(1)(F). This would, in turn, refer to 18 U.S.C. § 1324(a)(1)(B)(i). However, the Government does not allege such a violation in the Complaint and has not charged him with such a violation in the Indictment. Nor has the Government criminally charged Rasheed with violating 18 U.S.C. § 1546 – the other specified unlawful activity the Government alleges Rasheed committed in the Complaint.

Regardless, the Complaint fails to allege Rasheed committed any elements of either 8 U.S.C. § 1324(a)(1)(A)(iv) or 18 U.S.C. § 1546 within the required one-year time frame from when the Government filed its Complaint. The Government filed its Complaint on March 18, 2005. However, the Government does not allege any elements of §§ 1324(a)(1)(A)(iv) or 1546 that occurred after March 18, 2004. While the Complaint alleges that Rasheed transferred money from his personal account to his corporate account during the period of June 20, 2003 through May 14, 2004 (which in and of itself is in no way unlawful and which, as established in Rasheed's motion and exhibits in the criminal action, he continues to do as a way of loaning his company money to help meet payroll when necessary), it fails to allege the absence of any legitimate explanation for such activity or even that all of such activity was unlawful. In other words, the Government fails to make any specific allegation about the funds that were transferred. Moreover, while the Complaint lists several alleged payments by the

7

confidential informant to Rasheed, it fails to allege a single payment within the March 18, 2004 to March 18, 2005 time period.

### B. Alternatively, This Action Should Be Stayed

In the alternative, this action should be stayed pending a decision on Rasheed's Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing in the criminal action. Federal courts possess "the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). "The pendency of a parallel or related criminal proceeding can constitute such a reason." *Id.* Here, it would be prudent to let Magistrate Judge Swartwood – who issued the seizure warrant – determine whether continued seizure of the Funds prevents an unconstitutional infringement upon Rasheed's Fifth and Sixth Amendment rights.

Here, Rasheed's claims to the Funds arises in the context of the ongoing criminal matter, and should be determined by Magistrate Judge Swartwood in the criminal action. The seizure of funds in this case is inextricably linked to the pending criminal action. The Indictment was filed here only seventeen days after Magistrate Judge Swartwood issued the Seizure Warrant. Counsel for Rasheed has been in discussions with the United States Attorney's Office for the release of those funds since immediately after the Indictment was handed down – prior to the filing of the Complaint in this action. The Government did not serve Rasheed with a copy of that (forfeiture) Complaint until after Rasheed had filed his Motion to Vacate in the criminal action.

### IV. CONCLUSION

For the foregoing reasons, this action against $103,342.22 in U.S. currency and $4,468.18 in U.S. currency should be dismissed or, alternatively, stayed pending a

decision on Rasheed's Motion to Vacate Seizure Warrant or, Alternatively, for Evidentiary Hearing in the criminal action.

>
> Respectfully submitted,
> MOHAMMED ABDUL RASHEED QUARAISHI
> By his attorneys,
>
>
> /s/ Frank A. Libby, Jr.
> Frank A. Libby, Jr. (BBO No. 299100)
> Nicholas A. Klinefeldt (BBO No. 647422)
> **KELLY, LIBBY & HOOPES, P.C.**
> 175 Federal Street
> Boston, MA  02110
> Telephone:  (617) 338-9300

Dated: May 13, 2005