UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>            Plaintiff,         )<br>                                  )<br>       v.                         ) No. 05-10515-REK<br>                                  )<br>$103,342.22 IN U.S. CURRENCY, and, )<br>$4,468.18 IN U.S. CURRENCY,       )<br>            Defendants.          ) | |

### UNITED STATES' RESPONSE TO CLAIMANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY THIS CIVIL FORFEITURE ACTION

Mohammed Adul Rasheed Quraishi (Rasheed) has filed a motion in this action seeking, in the alternative, either to stay this civil forfeiture action pending the outcome of the relevant criminal proceedings in the related criminal case or to dismiss this civil forfeiture action pursuant to Fed. R. Civ. P. 12(b)(6).

The United States has no objection to staying this civil forfeiture action until the relevant criminal proceedings are concluded.

However, the United States opposes that portion of Rasheed motion that seeks to dismiss this civil forfeiture action, because Rasheed has failed to set forth any arguments justifying such relief.

Rasheed's first contention -- that the United States has confused "accounts" with "funds" seized from those accounts -- is without merit. The in rem defendants in this civil forfeiture action are clearly identified in the civil complaint as $103,342.22 and $4,468.18 in United States currency. The accounts from which

the funds were seized are identified in order to specify the source of the monies at issue.

Rasheed's second argument, that the United States cannot civilly forfeit the defendant monies because it has not charged him criminally with certain charges is likewise incorrect. Civil forfeiture does not require a criminal indictment or convictions on the same charges.

In his next argument, Rasheed correctly identifies 18 U.S.C. §984 as providing a one-year window, within which fungible property found in the same place as the property involved in the offense need not be traced. However, contrary to Rasheed's suggestion, the relevant time in this case for calculating the one year period is the date that the fungible property was actually found in and removed from the account at issue, that is, in this case, when this action was commenced by the seizure of the funds on or about November 1, 2004. As outlined in the affidavit previously filed in support of the seizure warrant, the transfers of funds through the various accounts fell within the one-year time limitation.

Moreover, as set out in more detail in the affidavit filed in support of the United States' civil forfeiture complaint, Rasheed conducted a series of transactions pursuant to which tainted funds, representing the proceeds of his illegal activities were channeled through the accounts at issue. The other money in the accounts -- that is, the money that did not represent the proceeds of illegal

activities -- constitutes facilitating property and is, therefore, forfeitable.  The "clean" money is "involved in" the financial transaction in the sense that it makes the offense easier to commit or harder to detect.  Thus, the "clean" money in a bank account containing commingled funds is forfeitable.  See <u>United States v. McGauley</u>, 279 F.3d 62 (1st Cir. 2002) (withdrawal of $243,000 from various bank accounts that contained commingled funds, of which only $55,000 was fraud proceeds, supported forfeiture of the entire amount because the clean money was used to conceal or disguise the tainted funds); <u>United States v. Iacaboni</u>, 221 F.Supp. 104 (D.Mass 2002)(commingling clean money with gambling proceeds to conceal nature of transaction rendered entire sum forfeitable.)

For these reasons, the United States opposes the dismissal of this civil forfeiture action.  However, as noted above, the United States has no objection to a stay of this matter until the relevant criminal proceedings are concluded.

        Respectfully submitted,
        MICHAEL J. SULLIVAN
        United States Attorney

By: <u>/s/ Jennifer H. Zacks</u>
    JENNIFER H. ZACKS
    Assistant U.S. Attorney
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

Dated: May 27, 2005

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Frank A. Libby, Jr.
Nicholas Klinefeldt
Kelly, Libby & Hoopes, P.C.
175 Federal Street
Boston MA 02110


    This 27th day of May, 2005.


                                    */s/ Jennifer H. Zacks*
                                    Jennifer H. Zacks
                                    ASSISTANT UNITED STATES ATTORNEY